UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN NIKIA MUNSON, CDCR #AC-8959,<br><br>                           Plaintiff,<br><br>vs.<br><br>SERGEANT ALESANDRE, Correctional Officer; JOHN DOE, Correctional Officer; JOHN DOE, Warden,<br><br>                         Defendants. | Case No.: 3:25-cv-02015-DMS-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF No. 2]** |

Plaintiff Darian Nikia Munson, who is proceeding *pro se* and incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a motion to proceed *In Forma Pauperis* ("IFP") (ECF No. 2). Munson claims correctional officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego damaged his TV during a cell move in October 2024 and later denied his requests for replacement or reimbursement. *See* Compl. at 3–4. Munson seeks $1,500 in compensatory and punitive damages. *Id.* at 8.

For the reasons explained, the Court dismisses Munson's complaint *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C.

1

§ 1915A(b)(1). Because the Court finds amendment would be futile, it denies Munson's motion to proceed IFP as moot.

I.   SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(B)

A.   Standard of Review

Section 1915A(a) "mandates early review— 'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts … to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of

1  the elements of a cause of action, supported by mere conclusory statements, do not suffice."
2  *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro
3  se, particularly in civil rights cases, to construe the pleadings liberally and to afford the
4  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
5  2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply
6  essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ.
7  of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

      **B.    Factual Allegations**

Munson claims after he was released from administrative segregation and assigned to a general population yard at RJD in October 2024, his personal property, including a TV, was sent to the Receiving & Release ("R&R") Unit. *See* Compl. at 4. After completing a period of orientation, Munson was summoned to R&R to pick up his property, but he discovered his TV was damaged. *Id.* Munson alleges he was given a property receipt which falsely claimed the TV was "found broken" when it was confiscated, and advised to fill out a grievance. *Id.*; *see also* Ex. A–C. Munson's grievance was denied, however, and he now seeks to hold RJD Sergeant Alesandre, the unidentified Correctional Officer who packed his property, and RJD's Warden responsible for the damage to his TV pursuant to 42 U.S.C. § 1983. *Id.* at 4.

      **C.    Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

Munson does not identify the basis for any constitutional violation, but his sole claim is that he was deprived of his property. Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, Munson has no viable Fourteenth Amendment due process claim based on Defendants' unauthorized

deprivation of his TV—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

## II. CONCLUSION

Accordingly, the Court **DISMISSES** Munson's complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Because amendment would be futile, the Court **DENIES** Munson's motion to proceed IFP (ECF No. 2) as moot and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: October 27, 2025

Honorable Dana M. Sabraw
United States District Judge